UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUSSELL BLEVINS<br>6245 Lucas Avenue<br>Ashtabula, Ohio 44004<br><br>  Plaintiff,<br><br>  vs.<br><br>QUALITY BUILDERS &<br>REMODELERS, INC.<br>4139 N Ridge Road<br>Ashtabula, Ohio 44004<br><br>  and<br><br>MIKE FAEGES<br>c/o Quality Builders & Remodelers, Inc.<br>4139 N Ridge Road<br>Ashtabula, Ohio 44004<br><br>  Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Russell Blevins, by and through counsel, and for his Complaint against Quality Builders & Remodelers Inc. and Mike Faeges ("Quality Builders"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Ashtabula County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At times relevant herein, Defendants maintained their principal places of business in Ashtabula County, Ohio.

7. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

8. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

12. Defendants are in the business of building and remodeling homes.

13. Plaintiff Russell Blevins was employed by Defendants as a foreman between July 2000 and April 24, 2016.

14. Defendant paid Plaintiff on an hourly basis.

**(Failure to Pay for Pre-Shift Time)**

15. Plaintiff's shift was from 7:00 a.m. to 5:00 p.m.

16. Plaintiff arrived at Defendants' facility and punched in 20 minutes prior to the start of his shift to gather paperwork regarding the day's project and being to load the van with the necessary supplies and tools for the day. Plaintiff was only paid for work performed between his scheduled start and stop times, and was not paid for gather the paperwork or loading the van before his scheduled start time.

17. Defendants required Plaintiff to be on the road travelling to the job site by 7:00 a.m.

**(Failure to Pay Overtime Compensation)**

18. Defendants failed to pay Plaintiff overtime compensation for the hours he worked over 40 each work week.

19. Plaintiff estimates that he worked between 45 and 60 hours each week.

20. Defendants had knowledge that Plaintiff worked more than 40 hours per week.

21. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours he worked.

**(Defendant Willfully Violated the FLSA)**

22. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Defendants' practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half his regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

25. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

26. As a result of Defendants' practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff